FILED
U.S. DIST COURT
MIDDLE DIST. OF LA

2002 APR -5 P 4:09

SIGN _____
BY DEPUTY CLERK

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| GEORGENNER BATTON, MICHAEL JEROME BATTON; KENNETH DALE JOHNSON; MARTHA JUDITH PIERCE; ALVINER SPRIGGS; DWAYNE A. JOHNSON; BEVERLY L. STEWART; LILLIAN M. HINES; STACEY STEVENS; JACQUELINE F. STEVENS; RICHARD L. DAWSON; CONRAD N. STEVENS; JOHN STEVENS; MICHAEL W. DRUMMOND; AND WALTER RILEY, JR.<br>**Plaintiffs**<br><br>VERSUS<br><br>GEORGIA GULF AND THE STATE OF LOUISIANA, THROUGH THE DEPARTMENT OF HEALTH AND HOSPITALS<br>**Defendants** | CIVIL ACTION NO. 02-353-D-M3<br><br>JUDGE:<br><br>MAGISTRATE: |

### NOTICE OF REMOVAL

Petitioner, GEORGIA GULF CHEMICALS & VINYLS, L.L.C. and/or GEORGIA GULF CORPORATION, by and through its undersigned counsel, with full reservation of any and all defenses, respectfully files this Notice of Removal and represents:

1.

On March 6, 2002, plaintiffs in the captioned matter filed and were granted leave to file a "Master Class Action Petition for Damages" by the Eighteenth Judicial District Court for the Parish of Iberville, State of Louisiana in order to more efficiently manage this Class Action Litigation,

JS, Removal

INITIALS: NML    DOCKET#: BR 409740.1    1

expand upon the alleged class and add **GEORGIA GULF CHEMICALS & VINYLS, L.L.C.** ("Georgia Gulf") as a named defendant.

2.

Georgia Gulf waived the requirement of formal service and files this Notice of Removal within thirty days from the date plaintiffs filed their Master Class Action Petition for Damages.

3.

Plaintiffs' Master Class Action Petition for Damages was accompanied by an Order dated March 6, 2002 of the 18th Judicial District Court for the Parish of Iberville granting plaintiffs leave to file the amended pleading and requiring that "all future pleadings be captioned as above with the notation of the other suit number if a pleading is directed specifically to any plaintiff in the other petition." The March 6, 2002 Order further ordered "that the allegations of the Master petition will supercede the allegations of all heretofore filed and to be filed petitions." Therefore, the Master Class Action Petition for Damages was intended and ordered by the state district court to include the captioned matter as well as the matter bearing the following caption and docket number: "**DONALD BUTLER, JR., RAY MCDONALD, JR., CARMEN BRANTLEY, EDWARD G. ARNETT, JAMMIE HOBGOOD, LARRY HOBGOOD, JEFF HOBGOOD, RODNEY HOLIDAY, STEVEN HOBGOOD, TERRY L. WOODRIDGE, CHARLES LANOUE AND JARRELL D. HILL VERSUS GEORGIA GULF CORPORATION AND THE STATE OF LOUISIANA, THROUGH THE DEPARTMENT OF HEALTH AND HOSPITALS,** Docket No. 55,379, Division "A", Parish of Iberville, State of Louisiana. In addition, by Order dated September 5, 2001, the 18th Judicial District Court for the Parish of Iberville consolidated these state court actions for all purposes, including trial.

4.

This Notice of Removal is therefore intended to include the captioned matter and all matters consolidated therewith by virtue of the state court orders and the Master Class Action Petition for Damages; however, out of an abundance of caution, Georgia Gulf is filing separate Notices of Removal in the other state court actions.

5.

Plaintiffs' original class action petition for damages was filed against only Georgia Gulf Corporation and the State of Louisiana, Department of Health and Hospitals ("LDHH") on May 2, 2001. In their Master Class Action Petition for Damages, plaintiffs for the first time name Georgia Gulf Chemicals & Vinyls, L.L.C. and allege the putative class consists of "over one thousand (1,000) people." Moreover, since the original petition, LDHH has taken the formal legal position that: (1) plaintiffs cannot state a claim against LDHH; (2) plaintiffs have no reasonable possibility of recovery against LDHH; (3) LDHH, as a matter of law, owed no duty to the plaintiffs; and (4) plaintiffs' claims are not cognizable under by the federal Safe Drinking Water Act, 42 U.S.C. § 300 et. seq., and may be preempted. LDHH's exceptions of no cause of action and motions for summary judgment have not been ruled upon by the state district court.

6.

Attached hereto as Exhibit "A" is a complete copy of all pleadings currently filed in the 18th Judicial District Court for the Parish of Iberville in the State Action, including a copy of all process served on defendant Georgia Gulf.

7.

At the time of the commencement of the State Action and at the time of this removal, Georgia Gulf shows that it is and has been a corporation organized under the laws of the State of Delaware, having its principal place of business in the State of Georgia.

8.

Plaintiffs claim that they are citizens of the State of Louisiana. On information and belief, at the time of the commencement of the State Action and at the time of this removal, plaintiffs were and are citizens of the State of Louisiana.

9.

Based on the position asserted by the LDHH, it has been joined solely for the purpose of defeating the diversity jurisdiction of this Court and that, accordingly, said joinder is fraudulent within the meaning of that term, in this context.

10.

In the State Action, plaintiffs claim that they have been exposed to excessive levels of arsenic in their potable/drinking water that was released into an aquifer beneath the Georgia Gulf Plant through various acts of alleged negligence, and as a result of their alleged exposure they are at an increased risk of contracting cancer and other unidentifiable diseases.

11.

Plaintiffs claim that they have suffered and will continue to suffer emotional distress, mental anguish, mental depression, anxiety, and other psychological and behavioral changes as a result of their exposures to the contaminated drinking water and their fear of ingestion of the contaminated drinking water, their fear of contracting cancer and other diseases.

12.

Plaintiffs allege an entitlement to compensation for their expected past, present and future physical pain and suffering, lost wages and impairment of wage earning capacity, loss of enjoyment of life, loss of consortium, medical, hospital and pharmaceutical expenses and fear and fright damages.

13.

Plaintiffs have also requested reasonable expenses of litigation and all other equitable relief as may be appropriate pursuant to equity.

14.

Georgia Gulf shows that the United States Fifth Circuit in *In Re Abbott Laboratories*, 51 F.3d 524 (5th Cir. 1995) interpreted the Louisiana class action statutes to hold that a representative party's claim for reasonable expenses of litigation (which, under La. Code Civ. P. art. 595, includes a claim for reasonable attorney's fees) is properly attributable to the class representatives for purposes of establishing the requisite jurisdictional amount required under 28 U.S.C. § 1332. Therefore, based on the application of Louisiana law as to the value of the claims asserted by plaintiffs, this Court has original jurisdiction in that the jurisdictional amount set forth in 28 U.S.C. § 1332 is satisfied. This court has supplemental jurisdiction over all other claims asserted by the plaintiffs in any capacity under 28 U.S.C. § 1367.

15.

Alternatively, Georgia Gulf shows that the Louisiana Supreme Court in the matter entitled *In Re Gas Water Heater Product Litigation*, 711 So.2d 764 (La. 1998), determined that the provisions of the Louisiana Code of Civil Procedure governing class actions, specifically Articles

591 through 597, create a unique cause of action in which there is one suit with one judgment. The Louisiana Supreme Court held in that case, that the jurisdictional amount of a class action brought pursuant to Louisiana Code of Procedure Articles 591 to 597 should be determined by the total sum demanded by the Plaintiffs on behalf of all class members.

16.

Therefore, Georgia Gulf shows that under Louisiana law, the putative class representatives' claim for recovery of damages for each of the putative class members should be considered one singular claim brought jointly by the named putative class representatives when determining the amount in controversy for jurisdictional purposes.

17.

While denying any liability to the plaintiffs, Georgia Gulf shows that Plaintiffs have asserted claims where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

18.

This Court has original jurisdiction over the individual claims asserted by the named plaintiffs.

19.

This Court has original jurisdiction over the claims plaintiffs have asserted as representatives of a putative class pursuant to the provisions of 28 U.S.C. §§ 1332 and 1367 for the foregoing and the following additional reasons.

20.

Georgia Gulf shows that at the commencement of the State Action and at the time of removal, there is complete diversity of citizenship between the plaintiffs and Georgia Gulf.

21.

Further, for the purposes of determining the existence of diversity of citizenship jurisdiction, the citizenship of the LDHH must not be considered because it has been "fraudulently joined".

22.

Consequently, complete diversity of citizenship exists in that this suit is between citizens of different states for purposes of 28 U.S.C. §1332(a)(1).

23.

Because the LDHH has been "fraudulently joined," its consent is not required to the removal of this action.

24.

Alternatively, Georgia Gulf submits that the LDHH has argued in the state court proceedings that plaintiffs' common law tort claims are pre-empted by federal environmental laws, thus, invoking this Court's original jurisdiction pursuant to 28 U.S.C. § 1331. *Sanford Street Local Dev. Corp. v. Textron, Inc.*, 768 F. Supp. 1218, *vacated on other grounds*, 805 F. Supp. 29 (W.D. Mich. 1991).

25.

Based on the above, this matter is properly removable to this Court pursuant to the provisions of 28 U.S.C. § 1441, *et seq.*

26.

Georgia Gulf shows that this Notice of Removal is timely filed with this Court pursuant to 28 U.S.C. § 1446(b), because it was filed with this Court within thirty (30) days after receipt by it of a copy of the Master Class Action Petition for Damages.

27.

The venue of this removal is proper pursuant to the provisions of 28 U.S.C. § 1441(a) and (c), inasmuch as the United States District Court for the Middle District of Louisiana is the district and division embracing the 18th Judicial District Court for the Parish of Iberville, which is where the State Action was filed and has been pending.

28.

Georgia Gulf has filed with this notice of removal a copy of all pleadings that it has received as of this date as required by 28 U.S.C. § 1446(a).

29.

Georgia Gulf will provide the Court with anything it requires under 28 U.S.C. § 1446(a) and/or 28 U.S.C. § 1447(b).

30.

Georgia Gulf will give written notice of the filing of this Notice of Removal to all parties and file a copy with the Clerk of the Eighteenth Judicial District for the Parish of Iberville, as required by 28 U.S.C. § 1446(d).

31.

Georgia Gulf reserves the right to amend this Notice of Removal.

WHEREFORE, GEORGIA GULF CHEMICALS & VINYLS, L.L.C. and/or GEORGIA GULF CORPORATION hereby removes this cause from the Eighteenth Judicial District Court for the Parish of Iberville, State of Louisiana to the United States District Court for the Middle District of Louisiana for further disposition.

All of which is most respectfully submitted.

By Attorneys,

**BREAZEALE, SACHSE & WILSON, L.L.P.**

_____
Emile C. Rolfs, III (#11431)
Luis A. Leitzelar, T.A. (#20927)
Brent P. Frederick (#25053)
P.O. Box 3197
One American Place, 23rd Floor
Baton Rouge, Louisiana 70821-3197
Telephone: (225) 387-4000
Telecopier: (225) 376-5619

F. Barry Marionneaux (#09277)
F. Charles Marionneaux (#18320)
MARIONNEAUX & MARIONNEAUX
23615 Railroad Avenue
Plaquemine, LA 70764
Telephone: (225) 687-6884
Facsimile: (225) 687-6886

ATTORNEYS FOR GEORGIA GULF

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| GEORGENNER BATTON; MICHAEL JEROME BATTON; KENNETH DALE HOHNSON; MARTHA JUDITH PIERCE; ALVINER SPRIGGS; DEWAYNE A. JOHNSON; BEVERLY L. STEWART; LILLIAN M. HINES; STACEY STEVENS; JACQUELINE F. STEVESN; RICHARD L. DAWSON; CONRAD N. STEVENS; JOHN STEVENS; MICHAEL W. DRUMMOND; WALTER RILEY, JR.; GARY K. BARBER; HAMPTON E. DOZAR; GERALD W. FONTENOT; AND BARNEY W. LEE | CIVIL ACTION<br><br>NO. _____ |

**Plaintiffs**

VERSUS

GEORGIA GULF AND THE STATE OF LOUISIANA, THROUGH THE DEPARTMENT OF HEALTH AND HOSPITALS

**Defendants**

## NOTICE TO ADVERSE PARTIES

TO:  Mr. Frank Tomeny, III
      Mr. Bryan D. Fisher
      6709 Perkins Road
      Baton Rouge, LA 70808
      Telephone: (225) 767-8333
      Telecopier: (225) 767-5947

      Mr. Robert H. Schmolke
      8706 Jefferson Highway
      Baton Rouge, LA 70809
      Telephone: (225) 218-9797
      Telecopier: (225) 218-9798

Mr. Patrick W. Pendley
PENDLEY LAW FIRM
58005 Meriam Street
P.O. Drawer 71
Plaquemine, LA 70765-0071
Telephone: (225) 687-6396
Telecopier: (225) 687-6398

Mr. Kirby J. Guidry
LAW OFFICES OF KIRBY J. GUIDRY
8710 Jefferson Highway
Baton Rouge, LA 70809
Telephone: (225) 926-1234

BR:411268

YOU ARE HEREBY NOTIFIED that this on this ____ day of April, 2002, defendant GEORGIA GULF CHEMICALS & VINLYS, L.L.C. has filed the attached Notice of Removal together with other attached documents with the Clerk of Court, Middle District of Louisiana, 777 Florida Street, Suite 139, Baton Rouge, Louisiana 70801, and a copy of said Notice of Removal has this date also been filed with the Clerk of Court for the 18th Judicial District Court, Parish of Iberville, State of Louisiana.

This Notice is filed pursuant to 28 U.S.C. §1446(d) to effect the removal of this action from this Court to the aforesaid United States District Court.

All of which is most respectfully submitted.

By Attorneys:

**BREAZEALE, SACHSE & WILSON, L.L.P.**

_____
Emile C. Rolfs, III (#11431)
Luis A. Leitzelar, T.A. (#20927)
Brent P. Frederick (#25053)
P.O. Box 3197
One American Place, 23rd Floor
Baton Rouge, Louisiana 70821-3197
Telephone: (225) 387-4000
Telecopier: (225) 376-5619

F. Barry Marionneaux (#09277)
F. Charles Marionneaux (#18320)
MARIONNEAUX & MARIONNEAUX
23615 Railroad Avenue
Plaquemine, LA 70764
Telephone: (225) 687-6884
Facsimile: (225) 687-6886

**ATTORNEYS FOR GEORGIA GULF CHEMICALS & VINLYS, L.L.C.**

BR:411268

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| GEORGENNER BATTON; MICHAEL JEROME BATTON; KENNETH DALE HOHNSON; MARTHA JUDITH PIERCE; ALVINER SPRIGGS; DEWAYNE A. JOHNSON; BEVERLY L. STEWART; LILLIAN M. HINES; STACEY STEVENS; JACQUELINE F. STEVESN; RICHARD L. DAWSON; CONRAD N. STEVENS; JOHN STEVENS; MICHAEL W. DRUMMOND; WALTER RILEY, JR.; GARY K. BARBER; HAMPTON E. DOZAR; GERALD W. FONTENOT; AND BARNEY W. LEE | CIVIL ACTION<br><br>NO. _____ |

VERSUS

GEORGIA GULF AND THE STATE OF LOUISIANA, THROUGH THE DEPARTMENT OF HEALTH AND HOSPITALS

### **AFFIDAVIT**

STATE OF LOUISIANA

PARISH OF EAST BATON ROUGE

    BEFORE ME, the undersigned authority, personally came and appeared

### **LUIS A. LEITZELAR**

who, after first being duly sworn, did depose and say:

    That all of the allegations contained in the Notice of Removal filed herein are true and correct to the best of his knowledge, information and belief.

                                                                    LUIS A. LEITZELAR (#20927)

    SWORN TO AND SUBSCRIBED BEFORE ME, Notary, this 5TH day of April, 2002.

                                                            NOTARY PUBLIC

BR:411268

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| GEORGENNER BATTON; MICHAEL JEROME BATTON; KENNETH DALE HOHNSON; MARTHA JUDITH PIERCE; ALVINER SPRIGGS; DEWAYNE A. JOHNSON; BEVERLY L. STEWART; LILLIAN M. HINES; STACEY STEVENS; JACQUELINE F. STEVESN; RICHARD L. DAWSON; CONRAD N. STEVENS; JOHN STEVENS; MICHAEL W. DRUMMOND; WALTER RILEY, JR.; GARY K. BARBER; HAMPTON E. DOZAR; GERALD W. FONTENOT; AND BARNEY W. LEE | CIVIL ACTION<br><br>NO. _____ |

**Plaintiffs**

VERSUS

GEORGIA GULF AND THE STATE OF LOUISIANA, THROUGH THE DEPARTMENT OF HEALTH AND HOSPITALS

**Defendants**

## PROOF OF SERVICE

**LUIS A. LEITZLAR**, being duly sworn, does depose and say:

That he is the counsel for Georgia Gulf Corporation, defendant herein; that on the 5th day of April, 2002, after the Notice of Removal had been filed with the above court, he mailed a copy of said Notice of Removal and attachments to the following attorneys for plaintiffs. by depositing same in the United States Mail, postage prepaid, and properly addressed:

Mr. Frank Tomeny, III
Mr. Bryan D. Fisher
6709 Perkins Road
Baton Rouge, LA 70808
Telephone: (225) 767-8333

Mr. Robert H. Schmolke
8706 Jefferson Highway
Baton Rouge, LA 70809
Telephone: (225) 218-9797

BR:411268

Mr. Patrick W. Pendley
PENDLEY LAW FIRM
58005 Meriam Street
P.O. Drawer 71
Plaquemine, LA 70765-0071
Telephone: (225) 687-6396
Telecopier: (225) 687-6398

Mr. Kirby J. Guidry
LAW OFFICES OF KIRBY J. GUIDRY
8710 Jefferson Highway
Baton Rouge, LA 70809
Telephone: (225) 926-1234

Affiant further deposes and says that on the same day, immediately following the delivery of the aforesaid papers, he had a copy of said Notice of Removal delivered by hand to the Clerk of Court for the 18th Judicial District Court for the Parish of Iberville, State of Louisiana for filing, in the matter entitled *Georgenner Batton, et al. v. Georgia Gulf, et al.* bearing Suit Number 55,285, Division "A" on the docket of said court.

								_____
								LUIS A. LEITZELAR (#20927)

SWORN TO AND SUBSCRIBED BEFORE ME, Notary, this 5th day of April, 2002.

_____
NOTARY PUBLIC

BR:411268

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| GEORGENNER BATTON; MICHAEL JEROME BATTON; KENNETH DALE HOHNSON; MARTHA JUDITH PIERCE; ALVINER SPRIGGS; DEWAYNE A. JOHNSON; BEVERLY L. STEWART; LILLIAN M. HINES; STACEY STEVENS; JACQUELINE F. STEVESN; RICHARD L. DAWSON; CONRAD N. STEVENS; JOHN STEVENS; MICHAEL W. DRUMMOND; WALTER RILEY, JR.; GARY K. BARBER; HAMPTON E. DOZAR; GERALD W. FONTENOT; AND BARNEY W. LEE | CIVIL ACTION<br><br>NO. _____ |

**Plaintiffs**

VERSUS

GEORGIA GULF AND THE STATE OF LOUISIANA, THROUGH THE DEPARTMENT OF HEALTH AND HOSPITALS

**Defendants**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Removal was this day hand delivered and/or mailed; postage prepaid and properly addressed to each of the following:

Mr. Frank Tomeny, III
Mr. Bryan D. Fisher
6709 Perkins Road
Baton Rouge, LA 70808
Telephone: (225) 767-8333
Telecopier: (225) 767-5947

Mr. Robert H. Schmolke
8706 Jefferson Highway
Baton Rouge, LA 70809
Telephone: (225) 218-9797
Telecopier: (225) 218-9798

BR:411268

| | |
|---|---|
| Mr. Patrick W. Pendley<br>PENDLEY LAW FIRM<br>58005 Meriam Street<br>P.O. Drawer 71<br>Plaquemine, LA 70765-0071<br>Telephone: (225) 687-6396<br>Telecopier: (225) 687-6398 | Mr. Kirby J. Guidry<br>LAW OFFICES OF KIRBY J. GUIDRY<br>8710 Jefferson Highway<br>Baton Rouge, LA 70809<br>Telephone: (225) 926-1234<br><br>Mr. William M. Hudson<br>Mr. Patrick B. McIntire<br>OATS & HUDSON<br>Gordon Square, Ste. 400<br>100 East Vermillion Street<br>Lafayette, LA 70501 |

Baton Rouge, Louisiana, this 5th day of April, 2002

_____
LUIS A. LEITZELAR (#20927)